■ ALAN RIOS, Respondent, v SMITHTOWN GENERAL HOSPITAL et al., Appellants, et al., Defendant.—In a defamation action, defendants Smithtown General Hospital and Gloria J. Walker appeal from so much of an order of the Supreme Court, Suffolk County, dated May 22, 1978, as denied their motion for summary judgment. Order reversed, insofar as appealed from, on the law, with $50 costs and disbursements, and motion granted. Plaintiff is a male orderly employed by Smithtown Nursing Home which has a contractual relationship with defendant Smithtown General Hospital under which residents of the nursing home requiring medical attention beyond the scope of the nursing home's treatment facilities are brought to the hospital for medical care and treatment. On June 9, 1977, the plaintiff accompanied a resident of the home to the hospital for needed treatment. He delivered the patient to the hospital and, after the patient was taken to the door of the X-ray room by members of the hospital staff, plaintiff sat in a wheelchair in the back of the hospital registrar's office and waited for the patient to be returned to him to be taken back to the nursing home. He waited some 10 minutes, after which he was directed by the hospital registrar and one of the defendants, nurse Tricarico, to stay with his patient and to assist him. When the plaintiff failed to rise from the wheelchair, Tricarico asked him if he understood English. According to plaintiff's complaint she also asked who he was and then apparently directed someone to find out what his name was. The plaintiff replied that he understood English and complained that the inquiring nurse was rude to him. The plaintiff was then taken to the office of defendant Walker, the director of nursing services at the hospital. In her office the plaintiff was loud and argumentative and charged that nurse Tricarico had been unpleasant to him. Walker then asked plaintiff to leave her office, which he did. After X rays were taken of the plaintiff's patient, the patient was taken by the plaintiff back to the nursing home. The plaintiff then went to the office of his superior who told him she would have to discharge him. She also told him that she had received calls about him from the hospital, including one from defendant Walker. Walker stated in her affidavit in support of the motion for summary judgment that after the plaintiff left her office she received a telephone call from Elsie Kerns, the director of nursing services for the nursing home. She was advised by Kerns that she had been contacted by the hospital's registrar in connection with the plaintiff's behavior in the hospital's emergency room and in Walker's office. Kerns requested that a letter be sent to her describing the incident with the plaintiff and evaluating his conduct. Walker asked nurse Tricarico to prepare such a report. The letter, dated June 9, 1977, which was sent to Kerns, was signed by nurse Tricarico. It stated that the plaintiff was asked by the registrar to return to his patient and stay with him. Plaintiff nodded his head twice but did not get up from the wheelchair. Thereupon nurse Tricarico asked plaintiff if he understood what she had said. He got up from the wheelchair and said loudly that he understood English and that she was being rude to him for a second time, and walked into the hall speaking very loudly. Nurse Tricarico then asked the hospital registrar to call the nursing home. The plaintiff asked nurse Tricarico who was in charge and then asked to see her superior. The plaintiff accompanied her to Walker's office.

Tricarico noted in her letter that there were many patients as well as physicians and nurses in the emergency room. Below nurse Tricarico's signature on the letter appeared a comment signed by Walker declaring that the plaintiff's behavior pattern was not normal and that in her brief encounter with him he "does not fit my criteria as an employee in the health field". The basis of the plaintiff's six causes of action seeking damages for slander were the following comments by Tricarico: " 'Don't you understand English?'; 'Who is he?'; "Find out his name!'." The basis of the last six causes of action contained in the complaint seeking damages for libel was the comment that Walker had made at the end of the letter, to the effect that the plaintiff did not fit her criteria as an employee in the health field. The oral statements which the plaintiff complains about as being slanderous are not susceptible of a defamatory meaning and do not, therefore, constitute a cause of action in slander (cf. *Tracy v Newsday, Inc.,* 5 NY2d 134, 136). Hence those causes of action based on these oral statements are subject to summary judgment. The allegedly libelous language contained in the comments in the June 9 letter is, in light of the relationship between the defendant hospital and the nursing home employing the plaintiff, clearly an instance in which qualified privilege applies. The plaintiff, in his affidavit in opposition to the granting of the motion for summary judgment, failed to present any factual basis to support his allegations that these qualifiedly privileged statements were uttered with actual malice. Latham, J. P., Suozzi, Gulotta, Shapiro and Cohalan, JJ., concur.